UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA M. TAYLOR                                       CIVIL ACTION NO.

VERSUS

                                                                       19-801-SDD-EWD

C.R. BARD, INC. and
BARD PERIPHERAL VASCULAR, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 10, 2020.

                                                                             ERIN WILDER-DOOMES
                                                                             UNITED STATES MAGISTRATE JUDGE

Certified Mail- 7004 1160 0003 2648 6314

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA M. TAYLOR** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **19-801-SDD-EWD** |
| **C.R. BARD, INC. and** | |
| **BARD PERIPHERAL VASCULAR, INC.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS
WITHOUT PREJUDICE**

Due to the failure of Linda Taylor ("Plaintiff") to comply with Court orders and failure to prosecute, the undersigned recommends that Plaintiff's claims against C.R. Bard, Inc. ("Bard") and Bard Peripheral Vascular, Inc. ("Bard Peripheral") (collectively, "Defendants") be dismissed pursuant to Local Rule of the United States District Court for the Middle District of Louisiana ("Local Civil Rule") 41(b)(4) and Federal Rule of Civil Procedure 41(b).

The undersigned further recommends that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of Plaintiff's claims against Defendants within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

**I.   Background**

On February 21, 2017, Plaintiff and numerous other individuals filed a Complaint against Defendants in the United States District Court for the Eastern District of Missouri, alleging that they suffered personal injuries "as a direct and proximate result of the implantation of a defective and unreasonably dangerous Inferior Vena Cava ("IVC") filter medical device manufactured by Defendants" (the "Action").[1] The United States Judicial Panel on Multidistrict Litigation transferred the Action to the United States District Court for the District of Arizona "for inclusion

---

[1] R. Doc. 1.

in the coordinated or consolidated pretrial proceedings" in the multidistrict litigation captioned *In Re: Bard IVC Filters Products Liability Litigation*, MDL No. 2641.[2] Two years later, the Action was remanded to the United States District Court for the Eastern District of Missouri.[3] Plaintiff's claims were severed from the Action and transferred to this Court on November 20, 2019 for further proceedings.[4] The Court set a scheduling conference for February 6, 2020, ordered the parties to conduct a Fed. R. Civ. P. 26(f) conference at least twenty-one days before the conference, and ordered the parties to file a joint status report by no later than January 23, 2020.[5]

On December 18, 2019, Plaintiff's attorneys filed a Motion to Withdraw, explaining that representation of Plaintiff is "impossible at this time" because Plaintiff has "repeatedly refused to fulfill her obligations to participate in the representation…[and] refused to respond to multiple forms of communication for a sustained time, including communication that her participation is necessary for the case to proceed" ("Motion to Withdraw").[6] On January 3, 2020, the Court granted the Motion to Withdraw and ordered the Clerk of Court to serve Plaintiff with a copy of its Order on the Motion to Withdraw by certified mail, return receipt requested at her last known address,[7] 172 Harry Brown, Port Allen, LA 70767.[8]  This Order also advised Plaintiff that the scheduling conference was set for February 6, 2020 and that a joint status report was due January 23, 2020.[9] It also advised Plaintiff that "**[f]ailure…to respond to this Order may result in the dismissal of**

---

[2] R. Doc. 12.
[3] R. Doc. 15.
[4] R. Doc. 41.
[5] R. Doc. 46. The Court's order explained that "[i]t shall be the duty of the attorney for plaintiff to provide the defendant(s) with a copy of this order and attachment, and to prepare, sign, and file the status report in accordance with Attachment A."
[6] R. Doc. 54, ¶¶ 8-9.
[7] Plaintiff's last known address was provided by her prior counsel. R. Doc. 54, p. 5.
[8] R. Doc. 55.
[9] *Id*. Indeed, the Court re-issued its order setting a scheduling conference and ordering the parties to prepare and file a joint status report after Plaintiff's attorneys withdrew their representation, and said order was also served on Plaintiff as an attachment to the Court's Order on the Motion to Withdraw. *See* R. Docs. 55, 55-1, 56, 57.

2

**this action without further notice.**"[10] On January 9, 2020, Plaintiff was served with the Order on the Motion to Withdraw, as evidenced by the return receipt signed by Plaintiff.[11]

On January 23, 2020, the date the Status Report was due, Defendants advised the Court, via letter, they "ha[ve] not heard from Plaintiff or any new counsel representing Plaintiff to conduct the Rule 26(f) conference and/or to prepare the joint status report, despite [Defendants'] best efforts to contact Plaintiff."[12] Defendants also noted that "no new counsel for Plaintiff has filed a notice of appearance on the docket or filed a motion for *pro hac vice* admission in this Court."[13]

On January 28, 2020, the Court ordered Plaintiff to "show cause" at a February 14, 2020 hearing "as to why [her] claims should not be dismissed for [her] failure to comply with the Scheduling Conference Order" ("Show Cause Order").[14] The Show Cause Order advised Plaintiff that "**[f]ailure to appear as ordered or respond may result in the dismissal of plaintiff's claims this matter without further notice.**"[15] The Clerk of Court attempted to serve the Show Cause Order on Plaintiff via certified mail, return receipt requested, at 172 Harry Brown, Port Allen, LA 70767, but it was returned as "unclaimed, unable to forward."[16]

Plaintiff did not appear at the February 14, 2020 show cause hearing, and she has not filed any response to the Show Cause Order, nor filed any other document into the record, to date.[17]

---

[10] *Id*. (emphasis in original).
[11] R. Doc. 57.
[12] R. Doc. 58.
[13] *Id*.
[14] R. Doc. 59.
[15] *Id*. (emphasis in original).
[16] R. Doc. 62.
[17] R. Doc. 61. Counsel for Defendants was present in court on February 14, 2020, although not required by the Show Cause Order to attend. *Id*.

## II. Analysis

A district court may dismiss an action for failure to prosecute with or without notice to the parties, incident to its inherent powers.[18] Pursuant to this Court's Local Civil Rules, "[e]ach attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change."[19] The failure of a *pro se* litigant to keep the court apprised of a change of address may constitute cause for dismissal for failure to prosecute "when a notice has been returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."[20] However, Local Rule 41(b)(2) provides, in part, that "[p]rior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action."[21] Dismissal pursuant to Local Civil Rule 41(b) is required to be without prejudice, and the Order of Dismissal must "allow for reinstatement of the action within thirty days for good cause shown."[22]

Further, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss as action "for failure of the plaintiff to prosecute or to comply with these rules or a court order…"[23]

As a practical matter, this case cannot proceed without an address where Plaintiff may be reached and where she may receive pertinent pleadings, notices, or rulings.[24] Likewise, this case

---

[18] *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982).
[19] Local Civil Rule 11(b)(5).
[20] Local Civil Rule 41(b)(4).
[21] Local Civil Rule 41(b)(2).
[22] Local Civil Rule 41(b)(3).
[23] *See, e.g., Rogers*, 669 F.2d at 319-20 ("Rule 41(b) authorizes a district court to dismiss an action for failure to prosecute. A district court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers."); *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996) ("A district court may dismiss an action *sua sponte* under Fed.R.Civ.P. 41(b) for failure to comply with a court order."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action [for failure to prosecute or to comply with any court order] *sua sponte*, without motion by a defendants.").
[24] The Show Cause Order was returned as "unclaimed, unable to forward" on March 26, 2020. R. Doc. 62. Plaintiff has failed to apprise the Court of a change of address, despite having over sixty days to do so.

4

cannot proceed against Defendants if Plaintiff does not prosecute it or respond to the Court's orders regarding the disposition of this case. Plaintiff's failure to prosecute her claims effectively deprives Defendants of the opportunity to bring this case to a resolution. Plaintiff has failed to keep the Court apprised of her address, has failed to prosecute this action, and has failed to comply with multiple Court orders.

### III.   Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that this case be dismissed pursuant to Local Rule 41(b)(4) and Federal Rule of Civil Procedure 41(b), for failure to prosecute.

**IT IS FURTHER RECOMMENDED** that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of this action within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

**IT IS ORDERED** that the Clerk of Court send, via certified mail, return receipt requested and regular mail, a copy of this Order to Plaintiff at the address listed on PACER.

Signed in Baton Rouge, Louisiana, on June 10, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**